UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON COLSTON,

    Plaintiff,

Case No. 2:10-cv-13278
Hon. Lawrence P. Zatkoff

v.

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on April 20, 2012.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's Motions for Summary Judgment [dkt 15] and to Supplement the Record and Request Hearing [dkt 19]. Plaintiff filed a response to the Motion for Summary Judgment more than a month after the deadline to do so had lapsed, and Defendant has since replied.[1] Plaintiff did not respond to the Motion to Supplement the Record and Request Hearing. As such, the Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motions be resolved on the briefs submitted, without oral argument. For the following reasons, Defendant's Motion for Summary Judgment is GRANTED and Defendant's Motion to Supplement the Record and Request Hearing is DISMISSED as moot.

---

[1] In finding that Defendant will not be unfairly prejudiced, and in the interests of justice, the Court will consider the merits of Plaintiff's untimely response to the instant Motion.

## II. BACKGROUND

On or about March 14, 2003, Plaintiff obtained a loan in the principal amount of $112,287.00 (the "Loan") from Fieldstone Mortgage Company ("FMC") to purchase property commonly known as 8028 Middlepoint Street, Detroit, Michigan 48204 (the "Property"). The Loan was evidenced by a promissory note (the "Note") in favor of FMC, and was secured by a mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"). MERS acted as mortgagee and nominee for FMC and its successors and assigns. Under the Note, Plaintiff was required to make payments in the amount of $691.37, due on the first day of each month.

In early 2009, Plaintiff defaulted on the Loan by failing to make his regular monthly payments, and also failed thereafter to cure the default. On March 11, 2009, MERS assigned its interest in the Mortgage to Defendant. After Plaintiff's default, Defendant accelerated the Loan indebtedness and instituted foreclosure proceedings by advertisement, as provided for in the Mortgage. Consistent with Mich. Comp. Laws § 600.3208, Defendant published the required public legal notice of its intention to sell the Property at a Sheriff's sale, which was scheduled to take place on April 9, 2009. Additionally, Defendant physically posted a copy of the notice on the Property.

Prior to the Sheriff's sale, Plaintiff communicated to Defendant that he had defaulted on the Loan because of financial difficulties and requested that Defendant delay its foreclosure proceedings. In response, Defendant offered Plaintiff the opportunity to cure the Loan default, and thus avoid sale of the Property at the Sheriff's sale. This forbearance arrangement was memorialized in a Forbearance Agreement dated April 28, 2009 (the "Forbearance Agreement"). This offer was subject to the terms and conditions set forth by Defendant and to which Plaintiff

expressly agreed. The Forbearance Agreement provided, in relevant part, that Plaintiff would make two payments to Defendant as follows: (1) One payment of $426.11 on or before May 15, 2009; and (2) a second payment of $12,642.88, representing all past due payments and accrued charges, on or before August 18, 2009. The forbearance agreement further provided:

> Any breach of any provision of this agreement or non-compliance with this agreement shall render the forbearance null and void, and at the option of the lender without further notice to you may terminate this agreement. The lender, at its option, may institute foreclosure proceedings according to the terms of the note and security instrument without regard to this agreement.

Upon receipt of the signed Forbearance Agreement from Plaintiff, Defendant adjourned the scheduled Sheriff's sale. Plaintiff, however, subsequently failed to make payments as required by the Forbearance Agreement. Defendant then resumed the previously adjourned Sheriff's sale, at which the Property was sold on December 10, 2009.

The statutory period for redemption of the Property expired on June 10, 2010. On June 24, 2010, Plaintiff filed this lawsuit in Wayne County Circuit Court. Defendant removed the case to this Court on August 19, 2010, based on diversity jurisdiction. Plaintiff's state-court complaint lists the following Counts: Quiet Title to the Property (Count I); Unjust Enrichment (Count II); Promissory Estoppel (Count III); Breach of Implied Contract/Specific Performance (Count IV); Innocent/Negligent Misrepresentation (Count V); Fraud, Based Upon Silent Fraud and Bad Faith (Count VI); Constructive Trust (Count VII); and Breach of Mich. Comp. Laws § 3205(c) (Count VIII). On September 7, 2011, Defendant moved for Summary Judgment on all of Plaintiff's claims.

### III. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

3

R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party must support its assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or;
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex*, 477 U.S. at 323. The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV. ANALYSIS

As an initial matter, the Court notes several deficiencies in Plaintiff's response. As noted, Plaintiff untimely filed his response to Defendant's Motion, and has yet to provide the Court with any explanation for this delay. Additionally, Plaintiff's untimely response includes a new argument challenging MERS's ability to assign foreclosure rights to a third-party. This claim was not raised in Plaintiff's Complaint. Last, Plaintiff's arguments, viewed as whole, are conclusory in nature and devoid of factual support. In the interests of justice—notwithstanding Plaintiff's failures—the Court will nevertheless address the merits of Plaintiff's claims.

### A. STANDING

Defendant asserts that Plaintiff lacks standing to assert any right to the property because, once the redemption period expired, Plaintiff's rights and title to the property were extinguished. The Court agrees. In *Piotrowski v. State Land Office Bd.*, 302 Mich. 179 (1942), the Michigan Supreme Court held that mortgagors had "lost all their right, title, and interest in and to the property at the expiration of their right of redemption." *Id*. at 185. This standard has been applied by Michigan courts, and by federal courts applying Michigan law, to bar former owners from making any claims with respect to foreclosed property after the redemption period expires. *See e.g.*, *Stein v. U.S. Bancorp*, No. 10-14026, 2011 WL 740537, at *4 (E.D. Mich. Feb. 24, 2011); *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. App. May 28, 2009) (dismissing former owner's claim of fraud where redemption period had expired); *Kama v. Wells Fargo*, No. 10-10514, 2010 WL 4386974, at *2 (E.D. Mich. Oct. 29, 2010) (dismissing a plaintiff's claims for violation of the foreclosure statute, to quiet title and for promissory estoppel because redemption period had expired); *Moriarty v. BNC Mortg., Inc.*, No. 10-13860, 2010 WL 5173830, at *2 (E.D. Mich. Dec.15, 2010) (dismissing action for declaratory judgment voiding foreclosure proceedings because redemption period had expired).

Moreover, Michigan law "does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of *fraud, or irregularity*." *Schulthies v. Barron*, 16 Mich. App. 246, 247–48 (1969) (emphasis added); *see also Sweet Air Inv., Inc., v. Kenney*, 275 Mich. App. 492, 497 (2007) ("The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside.") (internal quotations and citations omitted).

Here, the redemption period expired on June 10, 2010. Yet, Plaintiff did not file suit until two weeks after the redemption period ended—June 24, 2010—and failed to plead any facts to show that he timely attempted to redeem the Property. As such, unless Plaintiff has made a clear showing of fraud or irregularity, no equitable extension of the redemption period is allowed and Plaintiff lacks standing to challenge the foreclosure of the Property. In that regard, Plaintiff has failed to demonstrate fraud and irregularity outside of his bare assertions of having done so. The Court can only assume that Plaintiff's assertion of "fraud and irregularity" refers to his allegations that (1) he was given inadequate notice of the Sheriff's sale; and (2) Defendant misled him by promising, representing, or agreeing to reschedule the Sheriff's sale so that Plaintiff would not lose his home.

With respect to "irregularity," Defendant has provided evidence that it published the required public legal notice of its intention to sell the Property at a Sheriff's sale, consistent with Mich. Comp. Laws §600.3208, and also physically posted a copy of the notice on the Property. *See* dkt. 15, ex. C. Plaintiff has not disputed this evidence, and has failed to set forth any facts or evidence to establish otherwise.

Moreover, Plaintiff has not established the occurrence of fraud. He sets forth no basis as to how or why Defendant was precluded from resuming foreclosure proceedings upon Plaintiff's failure to abide by the terms of the Forbearance Agreement. Rather, Plaintiff asserts only that the Sheriff's sale commenced without his knowledge, and that Defendant had promised to adjourn foreclosure pending the Loan modification. The Forbearance Agreement states:

> Any breach of any provision of this agreement or non-compliance with this agreement *shall render the forbearance null and void*, and at the option of [Defendant] without further notice to you may terminate this agreement. [Defendant,] at its option, may institute foreclosure proceedings according to the terms of the note and security instrument *without regard to this agreement.*

(emphasis added). Plaintiff failed to make payments pursuant to the terms of the Forbearance Agreement, thereby "render[ing] the forbearance null and void[.]" At that point, Plaintiff should have been aware of the possibility that Defendant would resume foreclosure proceedings. Moreover, even if Plaintiff had not defaulted, Defendant retained the right to institute foreclosure "without regard to" the Forbearance Agreement—further indicating to Plaintiff that Defendant could resume foreclosure. Plaintiff has therefore failed to show that Defendant misled him to any extent, let alone to a degree constituting fraud or irregularity.

After expiration of the redemption period, Plaintiff lost all interest in the Property and now lacks standing to bring claims related to the Property. As such, it is not necessary for the Court to address Plaintiff's remaining claims. Notwithstanding this, the Court will briefly address the argument Plaintiff raises for the first time in his response to the instant Motion.

### B. MERS'S ASSIGNMENT TO WELLS FARGO

In his response brief, Plaintiff appears to rely upon *Residential Funding Co. LLC v. Saurman, et al.*, 292 Mich. App. 321 (2011), to support his argument that MERS is not authorized to foreclose by advertisement and, by extension, could not assign such a right to

Defendant. In *Saurman*, the Michigan Court of Appeals did, in fact, find that MERS lacked the authority to foreclose by advertisement and, thus, could not assign that right to third-parties. The Michigan Supreme Court, however, reversed the Court of Appeals' ruling, finding that it erroneously construed Mich. Comp. Laws § 600.3204(1)(d), and that MERS *is* statutorily authorized to foreclose by advertisement. *See Residential Funding Co., LLC v. Saurman,* 490 Mich. 909 (2011). Thus, to the extent that he relies on the Court of Appeals' ruling in *Saurman*, Plaintiff's argument is foreclosed.

Further, according to Plaintiff, the fact that Defendant was a third-party assignee creates an "infirmity" that invalidates Defendant's foreclosure on the property. This argument is, at best, questionable, and appears to be based on no applicable law known to the Court. Michigan law provides:

> If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage.

Mich. Comp. Laws § 600.3204(3). Here, it is without question that a record chain of title exists. The language of the Mortgage makes clear that: MERS is the declared mortgagee;[2] Plaintiff expressly granted the Property and power of sale to MERS and its successors and assigns;[3] Plaintiff expressly granted MERS and its successors and assigns the right to foreclose.[4] MERS executed a document assigning these rights to Defendant. *See* dkt. 16, ex. 7. Thus, a record

---

[2] "This [Mortgage] is given to [MERS], (solely as nominee for Lender . . . and Lender's successors and assigns), as mortgagee."

[3] "[Plaintiff] does hereby mortgage, warrant, grant and convey to MERS . . . and to the successors and assigns of MERS, with power of sale, the [Property]."

[4] "MERS . . . has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument."

8

chain of title exists, evidencing the assignment of the Mortgage (including the right to foreclose) to Defendant.

Additionally, this conclusion is supported by the Michigan Court of Appeals' decision in *Bakri v. Mortg. Elec. Registration Sys.*, No. 297962, 2011 WL 3476818 (Aug. 9, 2011). In challenging the validity of his mortgage foreclosure, the plaintiff in *Bakri* claimed that MERS's assignment of the mortgage to the foreclosing bank was null and void because MERS was not the lender. *Id*. at *4. The court of appeals rejected this argument, finding that the mortgage expressly granted MERS the power to assign it. *Id*. MERS then assigned the mortgage to the foreclosing bank, which commenced foreclosure. Just as in *Bakri*, Plaintiff in this case authorized MERS's assignment to Defendant, based on express language in the Mortgage.

As such, Plaintiff's arguments challenging MERS's authority to foreclose, and whether MERS may assign that authority, fail as a matter of law.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, it is HEREBY ORDERED that Defendant's Motion for Summary Judgment [dkt 15] is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Supplement the Record and Request Hearing [dkt 19] is DISMISSED as moot.

IT IS SO ORDERED.

Date:   April 20, 2012

                                                                                 s/Lawrence P. Zatkoff  
                                                                                 LAWRENCE P. ZATKOFF  
                                                                                 U.S. DISTRICT JUDGE